THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* PEDRO DÍAZ CONTE, Defendant and Appellant.

No. 10484. Argued July 8, 1944.—Decided July 18, 1944.

---

*Francisco García Quiñones* for appellant. *R. A. Gómez, Prosecuting Attorney General,* for appellee.

MR. CHIEF JUSTICE TRAVIESO delivered the opinion of the court.

The appellant was charged with the offense of assault with intent to commit rape. After a trial by jury, the jury found the defendant guilty and the court below, after overruling a motion for a new trial, sentenced him to two years in the penitenciary at hard labor. The defendant appealed from the order denying a new trial and from the sentence.

In support of his appeal, the appellant contends that the trial court erred in overruling the motion to dismiss the case; in overruling the motion for peremptory acquittal of the defendant; in refusing to instruct the jury on the crime of assault and battery; in admitting the testimony of the Warden of the San Juan District Jail to impeach the credibility of the witness Isabel Román de Baello; and in refusing to grant a new trial. He further contends that the verdict is contrary to the evidence and that in weighing the same the jury was moved by prejudice, passion, and partiality.

■■ From the record it appears that the information was filed in the District Court of San Juan on November 12, 1942, and that the defendant was arraigned on December 4 of the same year. From the record the dates for which the case was set for trial do not appear. It does appear that the case was called for trial on October 13, 1943, that is, eleven months and a day after the filing of the information when the 120-period provided by paragraph 2 of §448 of the Code of Criminal Procedure had fully expired.

From the transcript of the evidence it appears that when the case was called for trial the defendant personally appeared and also was represented by his counsel. Then the following incident occurred:

"Judge: Are the parties ready?

District Attorney: We are ready, sir.

Defense Counsel: In this case we were going to ask the court to dismiss the information. This case has been pending since November, 1942, and the same has been continued on several occasions.

Judge: The last time it was continued was because a lady who is here as a witness did not appear.

Defense Counsel: And it has again and again been continued because the prosecution witnesses have not appeared. We respectfully ask that the case be dismissed.

Judge: The court overrules the motion to dismiss.

Defense Counsel: We except to the court's resolution."

Section 448 of the Code of Criminal Procedure provides that "unless good cause to the contrary is shown" the court shall order the prosecution to be dismissed when a defendant whose trial has not been postponed upon his application is not brought to trial within 120 days after the filing of the information.

When the motion to dismiss is timely filed, it is the district attorney who has the burden of proving that the case was postponed on the defendant's application or that a good reason existed to deprive the accused of his right to a speedy trial guaranteed to him by the second paragraph of §2 of the Organic Act.

In the case of *People* v. *Díaz*, 60 P.R.R. 528, this court, after reviewing the prior cases interpreting §448 of the Code of Criminal Procedure, confirmed the rule established in *People* v. *Ayala*, 19 P.R.R. 888, and overruled all the prior decisions, in so far as they conflict with said rule, which is as follows:

"It is true that generally these motions should be presented at the time of the arraignment, or better still, immediately after the expiration of the time fixed by the law for the presentation of the information or for the holding of the trial, *but delaying to make such a prompt presentation of his motion does not destroy the right of the accused to file it at any time before the trial of the case.*" (Italic ours.)

In the instant case, the 120 day term counted from November 12, 1942, when the information was filed, expired on March 12, 1943. Since that day until the 13th of October, 1943, when the case was set for trial, the defendant had 215 days within which he could have filed his motion to dismiss, thus giving an opportunity to the district attorney to prove, if this was possible, that the trial had been postponed upon application of the defendant or that a good reason existed because of which the trial could not be held within the statutory period. The accused did not comply with the requisites of the rule. His motion was tardily filed when the case had been called for trial and when the district attorney did not have the opportunity nor the necessary means of proof to meet the motion. This court can not sanction the practice of withholding a motion for dismissal until the case is called for trial. The district attorney should have a reasonable opportunity to learn of the terms of the motion and to prepare his available evidence to show that a good reason existed for the delay in holding the trial. Therefore, the lower court did not err in overruling the motion for dismissal.

The second and fifth assignments of error deal with the sufficiency of the evidence. The appellant contends that

as the evidence was insufficient to sustain the charge, the court erred in not ordering the peremptory acquittal of the defendant. Upon the same ground he urges that the verdict is contrary to the evidence and that it shows that the jury was moved by passion, prejudice, and partiality.

The evidence for the prosecution can be summarized as follows:

On the night of the occurrence, Ernestina Falcón, resident of Río Piedras, single, and 23 years of age, and her friend, Ramona Ríos Montalvo, residing in Santurce and divorced, were taking a walk along Stop 22 at Santurce. Both of them were under the awning of a store protecting themselves from the rain when two sailors speaking English, a language which they do not know, approached them. Then the defendant, who was in the same place, intervened in the conversation to explain to the young women what the sailors were saying. The conversation between the two young women and the defendant having thus been started, he invited them to go to Stop 24½ to drink a Coca-Cola. After they drank the Coca-Cola, the sailors left and the accused remained with the two young women. Ernestina wanted to go home, but since at that time it was raining very hard, the defendant proposed that they go to his home, where he would introduce them to his mother, wife, and children. Both of them went with the defendant to his home in Sunoco, and when they arrived there they realized that there was no one in the house. The defendant, as soon as they came in, closed the door and when Ernestina screamed telling him to let her out, the accused threatened to slap her if she screamed again. Then the defendant, holding a Gem razor blade, told Ernestina that if she would not lay down with him he would cut her on the face. Ernestina testified that she was too scare to scream because she feared that he would cut her on the face; that the accused insisted that she undress and that when she refused to do this, he pushed her to the bed and beat her

with his fist on the thigh; that then she fainted; that at that moment her friend Ramona Ríos interfered, telling the defendant: "Look, please, she is a virgin. What you want to do with her, do it with me"; that the accused insisted in his attempt to have sexual intercourse with her, feeling and kissing her thighs, without her consenting to it; that the accused had sexual intercourse with Ramona, who was compelled to do it so that Ernestina would not have to do it, but that in the morning the defendant again tried to do it with Ernestina, and that then Ramona had to stay with him so that he would let Ernestina go home. Ernestina also testified that while the accused was doing these acts, he was completely nude and in a condition to be able to carry out his purpose of raping her.

The testimony of Ramona Ríos corroborated all the essential facts testified to by Ernestina Falcón, who insisted that she was compelled to give herself to the accused to save her friend. She further testified that the defendant had intercourse with her three times, and that she became pregnant giving birth to a child who is the son of the defendant.

The evidence for the defense tended to prove that the two girls had been drinking liquor during the time that the three spent in the defendant's house; that the neighbor who had the rooms close to that of the accused had not heard any noise or any screams during the night.

The jury who heard and saw the two aggrieved women testify gave full credit to their testimony. This undoubtedly was sufficient to warrant the verdict of guilty entered by the jury. And appellant's assertion of passion, prejudice, and partiality not being in any manner justified, we are compelled to uphold the verdict. Therefore, the court below did not err in refusing to order the peremptory acquittal of the defendant.

We have examined the instructions given by the court to the jury and we find them in accord with the law.

It is true that the court did not instruct the jury specifically as to the crime of assault and battery, but it is also true that the instructions were given to the jury in the presence of the accused and his counsel. The latter could have asked for a specific instruction on assault and battery and he did not. He accepted the instructions as they were given by the court without objecting as to their sufficiency and without asking that the same be amplified.

It would not be just to allow him to raise this question without having given the lower court an opportunity to correct its error, if any. Moreover, we think that if any error was committed this could not prejudice the defendant, since the evidence was sufficient to warrant the verdict.

All the evidence introduced by the district attorney showed that the defendant assaulted the young woman with the sole purpose of raping her, that is, of having sexual intercourse with her, using violence and threats in order to overcome her resistance. The only verdict compatible with this evidence was the one that was rendered by the jury. In these circumstances, an instruction on assault and battery would have been improper.

■ The incident that gave rise to the fourth assignment of error is the following:

The last witness introduced by the defense testified that during the last two and a half years he had known the defendant to live always in the same house where the events took place. The district attorney then said that he was going to attack the witness's testimony with the testimony of the Warden of the San Juan Jail. Then the following colloquy took place:

"Judge: Counsel has stipulated something with the district attorney as to this particular.

Defense Counsel: Your Honor, we consider that that lacks importance and that it is inadmissible but we want to gain time. We stipulated that this citizen was in the Municipal Jail here from September 1940 to August 1941.

District Attorney: And that he started to serve a term in September 1940.

Defense Counsel: A one-year term in jail.

District Attorney: It is all right. And with that rebuttal evidence we rest."

The appellant can not now complain as to the effect that his own stipulation could have produced in the minds of the jurors. The court, in instructing the jury, protected the defendant's rights by stating that the fact that he had been ten months in jail had nothing to do with the crime charged.

Considering all the circumstances in the case, the court below did not err in overruling the motion for a new trial.

The judgment appealed from should be affirmed.